UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOHN GOLDEN,

        Plaintiff,

    -- against --

TAPESTRY MEDICAL, INC. et al.,

        Defendants.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-1834 (RRM) (JO)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff John Golden brings this action, filed on March 21, 2014, against defendants Tapestry Medical Inc. ("Tapestry"), Alere, Inc. ("Alere"), Alere Home Monitoring, Inc. ("Alere Home Monitoring"), Alere San Diego, Inc. ("Alere San Diego"), Triad Pharmaceutical, Inc. ("Triad Pharmaceutical"), Triad Group, Inc. ("Triad Group") and H&P Industries, Inc. ("H&P") asserting claims for negligence, strict liability and breach of warranty arising from the manufacture and sale of alcohol prep pads, swabs and swab sticks. (Compl. (Doc. No. 1).) On July 17, 2014, Magistrate Judge James Orenstein directed Golden to file proof of timely service on defendants, warning that he would recommend dismissal for failure to prosecute if Golden did not. On July 25, 2014, one day after Judge Orenstein's deadline passed, Golden filed an affidavit attesting to timely service on all seven defendants. Tapestry, Alere, Alere Home Monitoring and Alere San Diego subsequently entered appearances in this action, settled with Golden, and, along with Golden, filed a stipulation of dismissal with prejudice as to the claims among them. (Doc. Nos. 5–9.)

The remaining defendants, Triad Pharmaceutical, Triad Group and H&P, never appeared, and Golden has done nothing to prosecute his claims against them after filing his proof of

service.[1]  On December 4, 2014, Judge Orenstein issued an order to show cause by December 11, 2014 as to why he should not recommend that Golden's claims against the non-appearing defendants be dismissed for failure to prosecute.  Golden has not responded.

On December 17, 2014, Judge Orenstein issued a Report and Recommendation ("R&R") recommending that Golden's claims against the remaining defendants be dismissed with prejudice for failure to prosecute.  (R&R (Doc. No. 10).)  In his R&R, Judge Orenstein noted that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Rule") 72(b), any failure to file objections to the R&R or objections designating the particular issues to be reviewed by January 5, 2015 would waive the right to appeal the district court's order.  That deadline has now passed, and Golden has neither filed an objection nor communicated with the Court in any fashion regarding the non-appearing defendants.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where no "specific, written objection" is made, the Court may, but is not required to, accept the magistrate's findings absent clear error.  *See* Fed. R. Civ. P. 72(b); *Keating v. Leviton Mfg. Co., Inc.*, No. 06-CV-6027(JFB)(ARL), 2009 U.S. Dist. LEXIS 6839, at *2–3, 6 n.1 (E.D.N.Y. Jan. 30, 2009).  Finding no clear error, this court adopts the findings and recommendations contained in the R&R as to dismissal of this action.

A district court contemplating dismissal for failure to prosecute must consider five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to

---

[1] On August 6, 2014, the deadline for answers passed.  On October 15, 2014, Judge Orenstein issued an order indicating that if defendants did not file answers, the parties did not file a stipulation extending defendants' time to answer, or Golden did not file a request for certificate of default by November 5, 2014, that he would deem Golden to have abandoned the case as to those defendants and issue the instant Report and Recommendation.

2

> be prejudiced by further delay, [4] . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] . . . the efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994)). No one factor is dispositive. *Id.* In *Shannon*, the Second Circuit affirmed a district court's dismissal as a sound exercise of discretion where it found that, viewing the record as a whole, these factors could support such a sanction. *Id.* Viewing the record as a whole, dismissal is warranted in this case.

As to the first factor, as Judge Orenstein notes, Golden did not file proof of service until prompted to do so, has subsequently taken no action to obtain default against the non-appearing defendants for almost three years and has provided no response to multiple orders from Judge Orenstein concerning the prosecution of its case against the non-appearing defendants, including his order to show cause. (*See* R&R, at 3.) Under the circumstances, a delay of almost three years weighs in favor of dismissal. *See Aguilar v. Kirschenbaum & Phillips, P.C.*, No. 11-CV-1085 (SJF) (WDW), 2012 U.S. Dist. LEXIS 68638, at *8–9 (E.D.N.Y. May 15, 2012) (finding that period of plaintiff inaction of between five and six months weighed in favor of dismissal).

As to the second factor, Golden was clearly on notice that further delay would result in dismissal, with a warning that failure to take action by November 5, 2014 would result in Judge Orenstein deeming Golden to have abandoned his claims against the non-appearing defendants. Judge Orenstein provided further notice on December 4, 2014 in issuing an order to show cause. In the intervening period between Judge Orenstein's warning and his issuing of an order to show cause, Golden signed the stipulation of dismissal with the appearing defendants, indicating that Golden was otherwise engaged in this case and would have been aware of Judge Orenstein's orders. Finally, Judge Orenstein provided notice in the form of his R&R, which recommended dismissal with prejudice, and to which Golden made no objection.

As to the third factor, prejudice to defendants arising from an unreasonable delay in prosecution may be presumed. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Although the need to show actual prejudice is much greater where the delay is moderate and excusable, and although the delay here is much shorter than the seven-year delay in *Lyell Theatre Corp.*, Golden here has offered no excuse despite ample opportunity to do so. *See id.* Given the lack of explanation from a plaintiff otherwise engaged in the case, this factor weighs neutrally on the subject of dismissal, at best.

As to the fourth factor, Judge Orenstein's extension of the time to serve defendants, his October 15, 2014 order, his order to show cause and the opportunity to object to his R&R preserved Golden's due process rights and opportunity to be heard at each stage. Golden has made no effort to assert those rights. Thus, the interest in alleviating court calendar congestion – congestion exacerbated by Golden's non-responsiveness – outweighs any interest in preserving the due process rights of a party that, despite multiple opportunities, has expressed no interest in preserving them.

Finally, given the repeated warnings and opportunities provided by Judge Orenstein to Golden, and the lack of any response to these warnings, it is unlikely that a sanction short of dismissal would be effective. *See Brow v. City of New York*, 391 Fed. Appx. 935, 937 (2d Cir. 2010) (upholding dismissal on finding that plaintiff's failure to comply with order warning of possible dismissal demonstrated that lesser sanctions would be ineffective). Absent clear language to the contrary, dismissal for failure to prosecute is presumed to be on the merits, and thus with prejudice. Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."); *Storey v. O'Brien*, 482 Fed. Appx. 647, 648 (2d Cir. 2012) ("[S]ince an adjudication on the merits is the

functional equivalent of an order of dismissal with prejudice, the district court's dismissal is deemed with prejudice.").

Here, it is difficult to construe Golden's actions as expressing anything less than complete ambivalence as to the disposition of its claims against the non-appearing defendants. Although Golden has been actively engaged in certain aspects of this case, with respect to the non-appearing defendants, he has ignored multiple orders and filed no objection to the instant R&R which recommended dismissal with prejudice. The "continued pattern of inaction" present in this case justifies dismissal with prejudice. *See Liberty Mut. Ins. Co. v. Bella Transp.*, No. 07-CV-716 (CBA) (JO), 2009 WL 1606489, at *6 (E.D.N.Y. June 8, 2009) (adopting *Liberty Mut. Ins. Co. v. Bella Transp., Inc.*, No. 07-CV-0716 (CBA) (JO), 2009 WL 1514473 (E.D.N.Y. May 29, 2009)) (dismissing with prejudice based upon "continued pattern of inaction").

Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed the R&R for clear error and, finding none, concurs with it in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, the Court hereby orders that the complaint against the remaining defendants, Triad Pharmaceutical, Triad Group and H&P, is dismissed with prejudice for failure to prosecute the action. The Clerk of Court is directed to mail a copy of this Memorandum and Order to the non-appearing defendants and, in light of the stipulation of dismissal between Golden and the appearing defendants, enter the accompanying Judgment, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 5, 2017

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge